UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD AGUIRRE,**<br><br>    **Plaintiff,**<br><br> v.<br><br>**BERGEN MARBLE & GRANITE, INC., et al.,**<br><br>    **Defendants.** | Civil Action No. 2:20-cv-07476-KSH-CLW<br><br>OPINION |

I. Introduction

This matter comes before the Court on the motions of defendant C&C North America, Inc. d/b/a Cosentino North America (s/h/a Cosentino) ("Cosentino") seeking leave to file (i) an amended answer asserting crossclaims against defendant Fema Trucking, LLC ("Fema") [ECF No. 33]; and (ii) a third-party complaint against FreightQuote.com, Inc , C.H. Robinson Worldwide, Inc., and ABC Contractors 1-100/John Does 1-100 (fictitious parties) ("FQ/CHR") [ECF No. 35]. Fema has opposed the motions, ECF No. 38, 39; Cosentino has not replied. Cosentino's motions have been referred to the undersigned by the Honorable Katharine S. Hayden. The Court has carefully considered the parties' submissions and decides the matter without oral argument per FED. R. CIV. P. 78(b) and Local Civil Rule 78.1. For the reasons stated and with one limitation discussed below, the Court GRANTS Cosentino's motions.

II. Background

Plaintiff Richard Aguirre ("Plaintiff") filed this action in May 2020, alleging that he was injured in October 2019 while delivering materials from Cosentino to defendant Bergen Marble and Granite ("Bergen"). Plaintiff was allegedly working in a truck provided by Fema, as an independent contractor for Fema, and for Fema's benefit. ECF No. 1 (the "Complaint") at ¶¶ 6-

10. Plaintiff's original complaint sounds in negligence against Cosentino, Fema, and Bergen. See generally id.

Cosentino's motions arise from two contracts involving proposed third-party defendants FQ/CHR. One is between FQ/CHR and Fema; this is called the "Agreement for Motor Contract Carrier Services" (the "AMCCS") [ECF No. 38-3, Exhibit 3] and is the primary source of the proposed crossclaims. Cosentino claims it is a third-party beneficiary to the AMCCS. The other is between FQ/CHR and Cosentino; this is referred to as the "Transportation Services Agreement" (the "TSA") [ECF No. 38-3, Exhibit 4] and is the basis for the proposed third-party complaint. The proposed crossclaims primarily allege that the AMCCS required Fema (and Fema failed) to provide certain insurance coverage and to defend and indemnify FQ/CHR and their customers (such as Cosentino) against claims made in connection with services performed by subcontractors. It also alleges that Fema failed to "meet certain operating and safety standards [and] utilize certain drivers and equipment", as required by the AMCCS. See generally Proposed Amended Answer (the "PAA"), ECF No. 33-2. The proposed third-party complaint alleges that the TSA imposed similar insurance coverage and indemnification requirements upon FQ/CHR, which FQ/CHR has failed to satisfy. See generally Proposed Third-Party Complaint (the "PTPC"), ECF No. 35-2.

### III. Legal Standards

#### a. Motion to Amend

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The "three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend [are] when '(1) the moving party has demonstrated undue delay, bad faith or

dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)). The Third Circuit "has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).

b. **Motion for Third-Party Complaint**

Motions for leave to file a third-party complaint impleading new parties are governed by FED. R. CIV. P. 14(a,) which provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). Such party "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Id. "The purpose of Rule 14(a) is to avoid circuitry of action and multiplicity of litigation." Spencer v. Cannon Equip. Co., 2009 U.S. Dist. LEXIS 55370, at *6 (D.N.J. June 29, 2009) (citing cases). "[J]oinder of third-party defendants under Rule 14 is not automatic; rather, the decision to permit joinder rests with the sound discretion of the trial court." Id. (quoting Remington Arms Co. v. Liberty Mut. Ins. Co., 748 F. Supp. 1057, 1068 (D. Del. 1990)). Relevant factors include "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." Id. at *7 (quoting Ronson v. Talesnick, 33 F. Supp. 2d 347, 356 (D.N.J. 1999)). Courts may also invoke a futility analysis in a Rule 14 motion. See, e.g., Wilson v. Beekman, 198 F. App'x 239, 242 (3d Cir. 2006) (reversing trial court's denial of leave to bring

3

third-party complaint on futility grounds). Finally, "a third-party claim may only be asserted under Rule 14(a) 'when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to [the] defendant.'" Cty. of Hudson v. Janiszewski, 2007 U.S. Dist. LEXIS 67697, at *14 (D.N.J. Sep. 13, 2007) (quoting 6 Charles Alan Wright, Arthur Miller, Mary Kay Kane, Federal Practice and Procedure 2d § 1446 (2007)).

IV. Analysis

    a. Motion for Amended Answer

Fema opposes Cosentino's motion to amend as futile. It first argues that it did not breach the AMCCS because (i) the AMCCS does not preclude Fema from employing truckers as independent contractors, and (ii) the circumstances do not show a re-brokering or re-tendering of a load, as proscribed by the AMCCS. ECF No. 38 at 9-11. Fema proceeds here by improperly reducing the PAA to the above and stating that those provisions of the AMCCS upon which Fema chooses to focus were not breached. This may (or may not) be true as far as it goes, but it is beside the point: the PAA primarily alleges breaches by Fema that have nothing to do with these matters.

The disconnect is most apparent from Fema's opposition brief, which states that "Cosentino has filed a motion claiming that Fema breached its agreement with CH Robinson, because Plaintiff . . . was employed by Fema via an independent contractor agreement". Id. at 9. This is simply not true: the PAA only very indirectly references Plaintiff's status as an independent contractor, and nowhere claims that Fema breached the AMCCS because of such status.[1] Likewise, the PAA says nothing about an improper re-brokering or re-tendering of a load. Instead, it is primarily grounded in Fema's alleged duty to defend and indemnify Cosentino and maintain

---

[1] As will be discussed, it is possible that Fema here has touched upon the meaning of the ambiguous allegations in the PAA's paragraphs 13, 21, and 22; however, this is far from clear from the face of the PAA.

insurance coverage for Cosentino's benefit. See PAA at ¶¶ 14-15 ("The AMCCS required that FEMA defend and indemnify FreightQuote and/or C.H. Robinson and their respective customers, including Answering Defendant . . . ."); id. at ¶¶ 23-24 ("FEMA w[as] also required by contract to maintain certain insurance coverage, pursuant to [its . . . ] contract[]. [ ] To the extent that such coverage was not obtained and/or maintained, as required by the contracts, FEMA [is] in breach of [its . . .] contract[]."); id., Wherefore clauses (primarily seeking to recover for Fema's alleged breach of duty to defend and indemnify Cosentino). In short, the fact that (at least according to Fema), Fema did not breach certain portions of the AMCCS does not preclude crossclaim liability on other portions thereof. The Court thus rejects Fema's straw argument.

The Court notes that although the PAA primarily concerns Fema's alleged duty to defend, indemnify, and insure Cosentino, there is ample room in the AMCCS for Cosentino to allege a breach of the AMCCS's more substantive provisions. See AMCCS at, e.g., ¶ 5(a) (requiring Fema to "provide and ensure complete all preventative maintenance and ongoing maintenance including . . . periodic safety inspections, annual safety inspections and emissions testing"); ¶ 6(a) (requiring Fema to "ensure that its drivers are properly trained and licensed, and are competent and capable of safely handling and transporting Robinson's shipments"). The problem with any such theory of liability, however, is that the PAA fails to adequately allege it. It is settled that "[t]o satisfy Rule 8(a), a complaint must identify the portions of the contract that were allegedly breached." Churchill Downs, Inc. v. NLR Entm't, LLC, 2015 U.S. Dist. LEXIS 135334, at *9 (D N.J. Oct. 5, 2015) (citing Faistl v. Energy Plus Holdings, LLC, 2012 U.S. Dist. LEXIS 125334, at *24 (D.N.J. Sept. 4, 2012)). The closest Cosentino comes in the PAA is stating that "[t]he AMCCS required

5

that FEMA meet certain operating and safety standards [and] utilize certain drivers[2] and equipment" and that "FEMA's motor carrier transportation services . . . did not meet the requirements of the AMCCS. . . . FEMA failed to perform [its . . . ] duties and [is] otherwise in breach and violation of the terms of [its . . . ] contract[]". PAA at ¶¶ 13, 21-22. These statements are far too vague to be read as "identify[ing] the portions of the contract that were allegedly breached." Churchill Downs, supra.

"[A] district court may sua sponte strike a deficient pleading and allow the plaintiff to replead." Stevenson v. Colgate-Palmolive Co., 2017 U.S. Dist. LEXIS 227806, at *14 n.4 (M.D. Fla. Sep. 7, 2017) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1331 (11th Cir. 2015)). The Court is of the view that the above-referenced allegations suggest, but do not put Fema on any meaningful notice of, Fema's alleged breach of its transportation services responsibilities under the AMCCS. This unfairly leaves Fema to guess as to which, if any, of these responsibilities it is alleged to have failed to meet. Cf., e.g., In re Ohio Execution Protocol Litig., 2012 U.S. Dist. LEXIS 207969, at *49 (S.D. Ohio May 25, 2012) ("[M]uch of the language of the pleading is capable of meaning any of a number of things leading to any of a number of claims. But pleading should not render the claims before a court guesswork."). Consequently, to the extent Cosentino seeks to allege in the PAA that Fema breached any duties in the performance of its motor carrier transportation services,[3] the Court will sua sponte reject such allegations as futile and permit Cosentino to replead them.

---

[2] While this allegation may in fact be the source of Fema's independent contractor argument discussed above, it is too vague for the Court to conclude as much with any degree of certainty.

[3] The fact that it is unclear whether Cosentino seeks to do so is, ultimately, the thrust of the problem.

Fema's other futility argument is that the AMCCS does not require indemnification for "negligence or willful act or omission of [C H.] Robinson or its customers", and that Plaintiff has claimed such negligence (i.e., on the part of Cosentino, a customer of C.H. Robinson). This argument also fails. Plaintiff has pled in the alternative negligence by Fema, Cosentino, and Bergen. Complaint at ¶¶ 11-25. It is far from decided that Plaintiff's alleged injuries were caused by Cosentino's negligence. As a result, this question — and in turn, that of whether this carve-out precludes Fema's duty to indemnify Cosentino — is premature on this motion, and thus cannot stand as a basis to deny amendment. Cf., e.g., Palmer v. Black & Decker United States, 2020 U.S. Dist. LEXIS 255656, at *9-10 (M.D. Pa. Sep. 16, 2020) ("[T]here are no facts on the record that would allow us to render any conclusion regarding any negligence on the part of Plaintiff at [the pleading] stage. . . . It is premature for this intensive factual inquiry. Instead, the focus must be on the sufficiency of Plaintiff's well-pled allegations.").

For the reasons stated, and with the caveat noted above, the Court will grant Cosentino's motion to amend its answer to assert crossclaims against Fema.

b. **Motion for Third-Party Complaint**

Cosentino has also moved to bring a third-party complaint against FQ/CHR sounding in indemnification, contribution, and alleged breaches of the TSA. See generally PTPC. Fema opposes the motion on grounds similar to those in its opposition to Cosentino's motion to amend; these arguments fail for the reasons stated above.[4] The above-enumerated Rule 14 factors further support permitting the PTPC. Cosentino avers that it received information relevant to this

---

[4] Fema's opposition also fails here to the extent Fema states that "there is no contractual indemnification owed by Fema", ECF No. 39 at 2 (emphasis added). The PTPC claims contractual indemnification owed by FQ/CHR, not by Fema. See PTPC, Third Count.

7

motion on May 6, 2021, just over one month before it brought its application. In view of the interconnected facts and parties, the Court believes permitting the third-party action will "avoid circuitry of action and multiplicity of litigation", Spencer, supra, rather than delay or complicate issues at trial. The Court discerns no prejudice to Plaintiff, perhaps best evidenced by the fact that Plaintiff has not opposed this motion. Finally, the PTPC properly brings claims derivative of those in the Complaint. Janiszewski, supra.

For the reasons stated, the Court will grant Cosentino's motion to bring a third-party complaint.

**V.    Conclusion**

An Order consistent with this Opinion follows.

Dated:  December 14, 2021

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.